**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHERYL LOUISE KERSEY,

                Plaintiff,

vs.                                                 Case No. 3:09-cv-08-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Cheryl Louise Kersey ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits and supplemental security income. Her alleged inability to work is based on the physical impairments of knee pain, hip pain, and back pain[2] caused by osteoarthritis[3] and exacerbated by obesity,[4] as well as the mental impairments of insomnia[5] and depression.[6]

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, see Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 17), and the Order of Reference was entered on May 28, 2009 (Doc. No. 18).

[2] Transcript of Administrative Proceedings (Doc. No. 15; "Tr.") at 67.

[3] Tr. at 19; Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. No. 20; "Pl.'s Mem.") at 3-4.

[4] Tr. at 19; Pl.'s Mem. at 3-4.

[5] Tr. at 67; Pl.'s Mem. at 3.

[6] Tr. at 305. However, Plaintiff does not raise any issues on appeal related to depression.

On November 2, 2005, Plaintiff filed a claim for disability insurance benefits and supplemental security income, alleging an onset date of August 1, 2003. Pl.'s Mem. at 2; Tr. at 88-90, 271-74. On December 11, 2007, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 298-321. On February 26, 2008, the ALJ issued a Decision finding Plaintiff not disabled. Tr. at 17-24. On October 30, 2008, the Appeals Council denied Plaintiff's request for review. Tr. at 5-7. On January 5, 2009, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking review of the Commissioner's final decision. Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

Plaintiff argues the ALJ erred in three ways: (1) "the ALJ committed error by failing to properly consider the claimant's impairments under the social security obesity ruling SSR 02-1p"; (2) "the ALJ committed error when he explicitly rejected the claimant's credibility with no evidentiary basis for doing so"; and (3) "the ALJ committed error because the hypothetical questions posed to the [VE] do not reflect all of the claimant's impairments." Pl.'s Mem. at 1 (capitalization omitted). After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the ALJ adequately considered Plaintiff's obesity; the ALJ articulated adequate reasons supported by substantial evidence for discrediting Plaintiff's testimony; and the ALJ's hypothetical to the VE incorporated all of Plaintiff's impairments. Therefore, the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the plaintiff (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The ALJ followed the five-step sequential inquiry.  Tr. at 19-24.  At step one, the ALJ established Plaintiff has not engaged in substantial gainful activity since August 1, 2003 (the alleged onset date).  Tr. at 19.  At step two, the ALJ found Plaintiff suffers from the following severe impairments: "hypertension; osteoarthritis; GERD; and obesity."  Tr. at 19.  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 21.

The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work, finding as follows: Plaintiff is able to lift/carry twenty pounds occasionally and lift/carry ten pounds frequently; Plaintiff is unlimited in pushing and pulling; Plaintiff can stand and/or walk for approximately six hours in an eight-hour workday, and she can sit for approximately six hours in an eight-hour workday; Plaintiff can occasionally crouch, crawl,

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

and climb ramps or stairs; Plaintiff can frequently balance, stoop, and kneel; Plaintiff can never climb ladders, ropes, or scaffolds; and Plaintiff must avoid concentrated exposure to vibration, hazardous machinery, and heights. Tr. at 21. At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a tutor. Tr. at 23. The ALJ concluded that Plaintiff has not been under a disability from August 1, 2003 through the date of the decision. Tr. at 24.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ failed to give adequate consideration to Plaintiff's obesity; the ALJ erred in discrediting Plaintiff's testimony; and the hypothetical posed to the VE failed to reflect all of Plaintiff's impairments. Pl.'s Mem. at 1. These contentions are addressed in turn.

### A. Obesity

Plaintiff argues that her "height and weight . . . and degenerative disk and facet disease of the lower lumbar spine . . . should, under the applicable ruling SSR 02-1p[,] either have been seen by the [ALJ as] being the medical equivalen[t] of an orth[o]pedic listing in light of the Commissioner's (obesity) ruling or, alternatively[,] the evidence of record should have been seen as clear and convincing evidence that [Plaintiff] suffers from very significant pain." Pl.'s Mem. at 5. In 1999, the Social Security Administration deleted obesity from the listing of impairments. See SSR 02-1p, 2000 WL 628049, at *1; see also 20 C.F.R. Part 404, Subpart P, Appendix 1. Nevertheless, obesity must still be taken into consideration when making the disability determination. See SSR 02-1p at *4-5.

Social Security Ruling 02-1p provides guidance on how obesity should be analyzed. See id. at *1. It explains that "obesity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a

-5-

listing." Id. at *5.[8] A claimant's combination of impairments is medically equal to a listing "if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment." Id. Indeed, in some circumstances, obesity by itself may be equivalent to a listed impairment. Id. Because "[o]besity can cause limitation of function," the ALJ should "consider any functional limitations resulting from the obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments . . . ." Id. at *6-7.

Here, the ALJ identified obesity as a severe impairment at step two. Tr. at 19. The ALJ recognized that a physical examination performed by Robert A. Greenberg, M.D. ("Dr. Greenberg") on June 7, 2006 revealed Plaintiff's weight to be 266 pounds and height to be five feet and five inches. Tr. at 20. The ALJ noted that Dr. Greenberg diagnosed Plaintiff with "hypertension and osteoarthritis of the lumbar spine, hips, hands, and knees, aggravated by obesity." Tr. at 20-21 (citing Tr. at 198-201). Furthermore, the ALJ observed that Dr. Greenberg's November 20, 2006 examination revealed a decreased range of motion in the cervical spine, lumbar spine, and hips, although Plaintiff had a full range of motion in all other joints. Tr. at 21.

The ALJ explicitly indicated that he gave particular attention to Plaintiff's musculoskeletal system, cardiovascular system, and digestive system. Tr. at 21. Social Security Ruling 02-1p advises that musculoskeletal, respiratory, and cardiovascular

---

[8] "This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." SSR 02-1p at *5.

-6-

impairments are especially susceptible to increased severity as a result of obesity. See SSR 02-1p at *5. After considering the combination of Plaintiff's impairments, the ALJ concluded that "the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." Tr. at 21. The ALJ then assessed Plaintiff's RFC and the ALJ determined that Plaintiff could perform light work. Tr. at 21. It is clear that the ALJ considered Plaintiff's obesity, as well as the functional limitations resulting from Plaintiff's obesity, when assessing Plaintiff's RFC, as SSR 02-1p requires.

After considering Plaintiff's obesity along with her other impairments and determining Plaintiff's RFC, the ALJ concluded that Plaintiff was not disabled. Tr. at 24. A review of the record shows that the ALJ's conclusion in this regard is supported by substantial evidence. As the Commissioner notes, Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Deft.'s Mem.") at 4-5, Plaintiff testified at the hearing that she weighed 250 pounds. Tr. at 307. This is actually less than Plaintiff weighed when she was working prior to her alleged onset date (August 1, 2003): on July 23, 2002, Plaintiff weighed 275 pounds, Tr. at 174; on December 2, 2002, Plaintiff weighed 282 pounds, Tr. at 170; on March 3, 2003, Plaintiff weighed 282 pounds, Tr. at 163; on April 30, 2003, Plaintiff weighed 277 pounds, Tr. at 154; on May 30, 2003, Plaintiff weighed 268 pounds, Tr. at 153; on July 9, 2003, Plaintiff weighed 272 pounds, Tr. at 149. That Plaintiff weighed more when she was working suggests that her obesity is not disabling.

In addition, although on June 7, 2006 Dr. Greenberg observed a "waddling type of gait due to her obesity," Plaintiff did not require an assistive device for ambulation. Tr. at 198.

Plaintiff was apparently able to walk without considerable difficulty because on multiple occasions her treating physician recommended that she exercise: on September 25, 2002, Plaintiff was advised to walk for twenty minutes three times per week, Tr. at 173; on March 17, 2003, it was recommended that Plaintiff exercise and lose weight, Tr. at 161; on April 30, 2003, Plaintiff was instructed to continue dieting and exercising, Tr. at 154. The undersigned recognizes that the denial of disability benefits based on a claimant's failure to follow prescribed treatment[9] is proper in obesity cases only when a given treatment is <u>prescribed</u> by a treating source, not when a treatment is merely recommended. <u>See</u> SSR 02-1p at *9. The undersigned does not rely on the recommendation that Plaintiff exercise for the purpose of showing that Plaintiff failed to follow prescribed medical treatment. Rather, the recommendation that Plaintiff exercise, as well as the lack of need for an assistive device for ambulation, shows that Plaintiff was apparently able to walk without considerable difficulty.

The undersigned concludes that the ALJ applied the proper legal standards in considering Plaintiff's obesity. In addition, after a thorough review of the entire record, the ALJ's findings with regard to Plaintiff's obesity are supported by substantial evidence.

### B. Credibility Determination

Plaintiff contends the ALJ erred when he "explicitly rejected [Plaintiff]'s credibility with no evidentiary basis for doing so." Pl.'s Mem. at 5 (capitalization omitted). During the December 11, 2007 hearing, Plaintiff testified in pertinent part as follows. She stopped working in August 2003 because she had been thrown against the wall by a resident at the

---

[9] <u>See</u> 20 C.F.R. §§ 404.1530 and 416.930 (stating "[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled . . .").

facility where she was employed as a psychiatric aide. Tr. at 303-04. Prior to that, she worked as tutor for approximately eighteen years, until her husband relocated for his work, and she retired "due to relocation." Tr. at 310. Plaintiff testified she experiences pain in her lower back, hips, knees, shoulders, and arms, as well as numbness in three fingers on both hands. Tr. at 306. She is unable to lift even a five-pound bag of sugar. Tr. at 306. She can walk only one-quarter to one-half block before needing to sit due to spasms in her lower back, and she can sit only fifteen or twenty minutes before needing to stand. Tr. at 307-08. She is unable to bend, reach, stoop, or squat. Tr. at 308-09. During a typical day, she attempts to do housework; however, although washing dishes used to take fifteen or twenty minutes, it now takes an hour or more because she has to stop and rest. Tr. at 309. Vacuuming, which used to take her an hour, now takes three to four hours. Tr. at 309. Plaintiff spends most afternoons and evenings "[l]ying on bed hurting." Tr. at 309. For approximately two to three hours per day, she sits in a massage chair that her son bought for her. Tr. at 309. In the evenings, she takes a hot shower to help alleviate pain. Tr. at 309-10.

"In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). If it is determined that a claimant has a medical condition that could reasonably give rise to the subjective

symptoms alleged, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." Foote, 67 F.3d at 1561.

"The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223; Foote, 67 F.3d at 1561. Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony. Wilson, 284 F.3d at 1225; see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). When considering a claimant's testimony regarding subjective symptoms, the Regulations provide that relevant factors include the following: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication; (6) measures used to alleviate pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished).

Plaintiff argues that she has a medically determinable impairment that could reasonably be expected to give rise to the pain alleged, relying on the consultative examinations performed by Dr. Greenberg. Pl.'s Mem. at 6. As noted earlier, the ALJ

recognized that Dr. Greenberg diagnosed Plaintiff with "hypertension and osteoarthritis of the lumbar spine, hips, hands, and knees, aggravated by obesity." Tr. at 21 (citing Tr. at 198-201). In addition, a review of the record reveals that on July 5, 2005, radiological findings indicated "fairly extensive degenerative change" in the lumbar spine, Tr. at 192 (capitalization omitted); on April 27, 2006, radiological findings indicated degenerative disc and facet disease of the lower lumbar spine, Tr. at 197; and on July 29, 2008, an MRI indicated moderate to severe degenerative disc disease, stenosis, and disc bulging, Tr. at 297-297A.[10]

After reviewing the evidence in the record, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Plaintiff]'s statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely credible." Tr. at 23. Rather than "reject[ing] [Plaintiff]'s credibility with no evidentiary basis for doing so," as Plaintiff argues, Pl.'s Mem. at 5, the ALJ articulated the following reasons for discrediting Plaintiff's testimony:

> [Plaintiff] has not generally received the type of medical treatment one would expect for a totally disabled individual. She has little or no recent treatment despite allegations of severe pain. When [Plaintiff] saw Dr. Greenberg on November 26, 2006, she was taking no medication for her chronic pain. She quit her job as a tutor for non-medical reasons. Her husband was transferred to Starke. Although the claimant has an objectively determined medical condition, the claimant's condition is not of such severity to expect the level of pain that [Plaintiff] alleges. The [ALJ] carefully observed the claimant and notes that she was not in any obvious pain or discomfort when walking in or out of the hearing room or while sitting during the course of the hearing. In addition, the

---

[10] The records from July 29, 2008 were received by the Appeals Council and made a part of the record. Tr. at 8. "[A] federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1258 (11th Cir. 2007).

-11-

> claimant lacked the general physical appearance of a person who might have been experiencing prolonged or severe pain.

Tr. at 23.

Plaintiff contends the ALJ improperly engaged in "sit and squirm" jurisprudence; that is, the ALJ improperly relied on Plaintiff's appearance and demeanor at the hearing. Pl.'s Mem. at 7-8 (citing Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982)). Sit and squirm jurisprudence has been described as an approach in which "an ALJ who is not a medical expert will subjectively arrive at an index of traits which he expects the claimant to manifest at the hearing." Freeman, 681 F.2d at 731. "If the claimant falls short of the index, the claim is denied." Id.; see also Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987); McRoberts, 841 F.2d 1077 at 1081 (stating that "'sit and squirm' jurisprudence has no place in this circuit"). Nevertheless, an ALJ is not prohibited from considering a claimant's appearance and demeanor during the hearing, so long as the ALJ's observations do not displace the other evidence. See Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987).

Here, the ALJ was careful to identify factors other than Plaintiff's appearance and demeanor upon which the ALJ relied in discrediting Plaintiff's testimony. Tr. at 23. The ALJ specifically noted that Plaintiff has not sought treatment for her pain with the frequency that one would expect, considering her allegations of pain. Tr. at 23. The ALJ also observed that Plaintiff was not taking prescription medication for pain. Tr. at 23. Plaintiff does not challenge these factual findings or provide any reason why pain treatment had not been sought for a substantial period of time prior to the hearing. See generally Pl.'s Mem. Under the circumstances, the reasons articulated by the ALJ are adequate to discredit Plaintiff's allegations of pain and other symptoms.

Plaintiff also asserts that the ALJ "gave general boilerplate statements" in discrediting Plaintiff. Pl.'s Mem. at 7 (referring to Tr. at 23). Plaintiff is incorrect. The ALJ's reasons were specific to this case, as shown by his reference to Plaintiff's November 26, 2006 visit to Dr. Greenberg. Tr. at 23.[11]

After considering all of the evidence, the ALJ found that Plaintiff's pain was not of such severity as to result in disability. Tr. at 23. The ALJ applied the pain standard properly; the ALJ did not displace the other evidence with his observations of Plaintiff's appearance and demeanor. After a thorough review of the record, the ALJ's findings with regard to Plaintiff's credibility are supported by substantial evidence.

### C. Hypothetical to VE

Plaintiff argues that the "hypothetical question posed to the VE does not reflect all of the claimant's combined impairments[,] including ex[ertional] and non[exertional] limitations arising out of [Plaintiff]'s pain." Pl.'s Mem. at 9-10. Specifically, Plaintiff contends that the ALJ should have formulated a hypothetical based on Dr. Greenberg's opinion[12] that Plaintiff is not able to lift more than five pounds. Id. Plaintiff contends that the hypothetical posed to the VE, in which the VE was asked to assume an ability to lift ten pounds frequently and

---

[11] Furthermore, Plaintiff argues that Plaintiff's "obesity combined with her arthritis of the weight bearing spine is a condition which could cause severe pain," and that "the ALJ clearly violated SSR 02-[1]p." Pl.'s Mem. at 9. These are the same arguments Plaintiff raised with respect to the first issue addressed herein. For the reasons stated supra pp. 5-8, the ALJ properly considered Plaintiff's obesity in combination with her other impairments.

[12] Dr. Greenberg is an examining physician, so his opinion is not entitled to the same deference as the opinion of a treating physician. See 20 C.F.R. §§ 404.1527(d) and 416.927(d).

twenty pounds occasionally,[13] does not "reflect [Plaintiff]'s impairments," and therefore the VE's opinion does not constitute substantial evidence. Pl.'s Mem. at 10.

An ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See 20 C.F.R. § 416.920(a)-(f). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)). Nevertheless, an ALJ is not required to include findings in the hypothetical that are properly rejected as unsupported by the evidence. Crawford, 363 F.3d at 1161.

After careful consideration of the entire record, the ALJ found that Plaintiff has the RFC to perform light work and is able to lift/carry twenty pounds occasionally and ten pounds frequently. Tr. at 21. The ALJ's RFC assessment is apparently based in part on the medical opinions of nonexamining, state agency physicians. Tr. at 23, 203 (opinion of John E. Long, M.D.), 215 (opinion of Edward DeMiranda, M.D.). Plaintiff makes no suggestion that the ALJ's RFC assessment was erroneous; nor does Plaintiff assert that the ALJ erred in giving great weight to the opinions of the nonexamining state agency physicians. See generally Pl.'s Mem.; see also Tr. at 23.

In determining Plaintiff's RFC, the ALJ considered Plaintiff's testimony that she can only lift five pounds.[14] Tr. at 23. After considering Plaintiff's testimony in light of the relevant factors, see 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), the ALJ found that her testimony

---

[13] The ALJ's hypothetical to the VE begins at Tr. at 313.

[14] Plaintiff testified that she is unable to lift a five-pound bag of sugar. Tr. at 306.

-14-

was "not entirely credible." Tr. at 23.[15]  After discrediting Plaintiff's testimony, the ALJ found that Plaintiff is able to lift /carry twenty pounds occasionally and ten pounds frequently.  Tr. at 21.  Implicit in this finding is the rejection of Dr. Greenberg's opinion, which was the same as Plaintiff's testimony, that Plaintiff can never lift more than five pounds.[16]  Instead, it appears the ALJ relied upon the opinions of the nonexamining, state agency physicians, Tr. at 203, 215, as well as Plaintiff's lack of credibility.

Generally, more weight is given to the opinion of an examining physician than a nonexamining physician.  See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1).  Nonetheless, every medical opinion should be considered in making the disability determination.  20 C.F.R. §§ 404.1527(d) and 416.927(d).  The following factors are among those to be considered in determining the weight that is given to a medical opinion:  (1) examining relationship; (2) treatment relationship; (3) supportability; (4) consistency; and (5) specialization.  20 C.F.R. §§ 404.1527(d)(1)-(5), 416.927(d)(1)-(5); see also 20 C.F.R. §§ 404.1527(f), 416.927(f).  "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981).  Considering these factors in light of the evidence here, substantial evidence supports the ALJ's decision to give great weight to the state agency assessments and consultative evaluations, Tr. at 23, as well as the ALJ's implicit decision to rely on the opinions of the

---

[15] As explained supra pp. 8-13, substantial evidence supports the ALJ's finding that Plaintiff's testimony was not credible.

[16] Dr. Greenberg's opinion that Plaintiff can never lift more than five pounds can be found on a form he completed that is entitled Residual Functional Capacity Evaluation by Consulting Physician ("Form").  Tr. at 222-23.  The Form appears to be missing two pages.  See Tr. at 222 (indicating "Page 1 of 4"), Tr. at 223 (indicating "Page 3 of 4").  On the Form, Dr. Greenberg checked a box indicating that Plaintiff can frequently lift one to five pounds, and Dr. Greenberg checked a box indicating that Plaintiff can occasionally lift one to five pounds.  Tr. at 223.

-15-

state agency physicians in finding that Plaintiff can lift/carry twenty pounds occasionally and ten pounds frequently. The ALJ's RFC assessment is therefore supported by substantial evidence.

Having determined that the ALJ's RFC assessment is supported by substantial evidence, the undersigned turns to the hypothetical that Plaintiff challenges. See Pl.'s Mem. at 9-10. The ALJ's hypothetical to the VE included the same limitations that the ALJ identified in the RFC assessment. Compare Tr. at 313 (hypothetical to VE) with Tr. at 21 (RFC assessment); see also Tr. at 23-24 (ALJ's discussion of VE's testimony). The ALJ was not required to include findings in the hypothetical that he properly rejected as unsupported by the evidence. See Crawford, 363 F.3d at 1161. Therefore, the ALJ's hypothetical to the VE encompassed all of the limitations resulting from Plaintiff's impairments, as determined in the RFC. As the hypothetical to the VE included all of Plaintiff's impairments, the VE's opinion constitutes substantial evidence for the finding that Plaintiff is able to perform her past work as a tutor. See Wilson, 284 F.3d at 1227.

## V. Conclusion

The ALJ considered Plaintiff's obesity and its effects in combination with Plaintiff's other impairments; the ALJ articulated adequate reasons for discrediting Plaintiff's testimony; and the hypothetical to the VE included all of the limitations resulting from Plaintiff's impairments. A thorough review of the entire record reveals that the ALJ's factual findings are supported by substantial evidence. In accordance with the foregoing, it is

**ORDERED:**

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 22, 2010.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jdf
Copies to:
Counsel of Record